**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| IBRAHIM ALY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-3824 (RC) |
| | ) | |
| UNION STATION REDEVELOPMENT | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Ibrahim Aly ("plaintiff" or "Aly"), proceeding *pro se*, commenced this civil action

against Union Station Redevelopment Corporation ("USRC") and Arch Stone Near Northeast

LLP in the Superior Court of the District of Columbia. *See Aly v. Union Station Redevelopment*

*Corp.*, No. 2025-CAB-06257 (D.C. Super. Ct. filed Sept. 18, 2025). USRC removed the action

on October 30, 2025 (ECF No. 1). This matter has come before the Court on USRC's motion to

dismiss with supporting memorandum (ECF No. 7-1, "Def.'s Mem."), Plaintiff's Joint

Stipulation Re: Plaintiff Motion to Compel: Fed. R. Civ. P. 37 (ECF No. 16) construed as a

motion to compel discovery, and his Motion for Clerk's Entry of Default (ECF No. 18).

The complaint and this civil action are DISMISSED for lack of subject matter

jurisdiction for the reasons discussed below, and plaintiff's motions are DENIED as moot.

## I.     LEGAL STANDARD

USRC moves to dismiss on the ground that Aly lacks standing to sue. *See generally*

Def.'s Mem. at 19-25 (page numbers designated by CM/ECF). A motion to dismiss for lack of

[1]

standing is considered under Federal Rule of Civil Procedure 12(b)(1) because lack of standing is a "defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over his claims, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and the Court "must address the issue of jurisdiction as a threshold matter, because absent jurisdiction the court lacks the authority to decide the case on any other grounds," *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 91 (D.D.C. 2000). "When considering a motion challenging the sufficiency of the pleadings to establish subject matter jurisdiction, a court assumes the truth of allegations in the complaint and construes them in the plaintiff's favor." *McBride v. Mnuchin*, No. 19-cv-0060 (RC), 2019 WL 3323412, at \*2 (D.D.C. July 24, 2019) (citations omitted). And the "nonmoving party is entitled to all reasonable inferences that can be drawn in [its] favor." *Artis v. Greenspan*, 158 F.3d 1301, 1306 (D.C. Cir. 1998). In addition, the Court "may consider materials outside the pleadings to determine [its] jurisdiction," including whether a plaintiff has standing. *Jibril v. Mayorkas*, 101 F.4th 857, 866 (D.C. Cir.) (quoting *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021)) (brackets in original), *cert. denied*, 145 S. Ct. 550 (2024).

## II.    PLAINTIFF'S ALLEGATIONS

As best the Court can tell, Aly fancies himself the owner of Reading Company, *see, e.g.,* Compl. (ECF No. 1-1) at 9, 46 (page numbers designated by CM/ECF), a holding company, *see id.* at 20, 45. Aly alleges that the Reading Company acquired the Penn Central Transportation Company, *see, e.g. id.* at 30, the National Railroad Passenger Corporation ("Amtrak"), *see, e.g., id.* at 31, and the Washington Terminal Company ("WTC"), which built and owns Union Station, *see, e.g.,* Pl.'s Resp. to Def.'s Mot. to Dismiss (ECF No. 12, ("Pl.'s Opp'n") at 2, in Washington, DC. Because Reading Company owns WTC and WTC owns Union Station, by virtue of Aly's

[2]

ownership of Reading Company, Aly claims to own Union Station. *See* Compl. at 50, 52; Pl.'s Opp'n at 2, 6, 27

According to Aly, USRC, "a not-for-profit" entity created "to oversee restoration and development" of Union Station, Compl. at 33, "illegally claim[s] the land and building of Union Station," Compl. at 46, which is "property owned by Plaintiff's Reading Company," *id*.; *see id*. at 50. He demands, among other relief, a judgment declaring "Reading Company, owner of Union Station Terminal Company, together with all improvements, ways, lanes, passages, Utility, Company-subsidiary together with all rights, liberties, privileges, and appurtenances, whatsoever unto the hereby granted premises belonging or in anywise appertaining thereto and also the reversions and remainders, rents, issues, and profits thereof and for all the estate, right, title, interest, property, claim and demand whatsoever of Plaintiff's property[.]" *Id*. at 52.

## III.    DISCUSSION

### A.    Aly Lacks Standing to Sue

"Under Article III, § 2, of the Constitution, the federal courts have jurisdiction over [a] dispute . . .  only if it is a 'case' or 'controversy,'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997), and "[f]or there to be a case or controversy . . . the plaintiff must have a personal stake in the case – in other words, standing," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines*, 521 U.S. at 819) (internal quotation marks omitted). Standing is an "irreducible constitutional minimum" requiring the party invoking the court's jurisdiction to meet three criteria. *Lujan*, 504 U.S. at 560–61. Plaintiff first must show he has suffered an "injury in fact," or a harm that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)). Second, he must demonstrate "a fairly traceable connection between [his

proffered] injury and the complained-of conduct of the defendant." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). Third, it must be "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)). Aly fails on the first criterion.

Injury in fact "requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972). USRC argues that Aly "has not asserted any injury to himself," Def.'s Mem. at 20, and, instead, "any harms alleged are . . . to Reading" Company, *id*. The Court concurs, and plaintiff's opposition to USRC's motion serves to bolster USRC's position. *See* Pl.'s Opp'n at 16 ("Plaintiff's [sic] affirm that Reading Company the owner of such property"); *id*. at 28 ("Reading claim[s] standing against defendant"). Aly's submissions demonstrate that Reading Company is alleged to have an ownership interest in Union Station, and the conduct about which plaintiff complains would have injured Reading Company, not Aly. Absent a showing that Aly himself has a personal stake in this case, he fails to demonstrate standing, thus depriving the Court of subject matter jurisdiction.[1]

**B.      Aly Cannot Represent the Interests of Reading Company**

Even if Reading Company has standing to sue, it is not a named plaintiff. And even if it were a named plaintiff, Aly may not pursue a claim against USRC on Reading Company's behalf. In federal courts "parties may plead and conduct their own cases personally or by

---

[1]      Aly's claims against Arch Stone Near Northeast LLP arise from the construction of a "[b]uilding . . . at 100-99 K Street . . . on Railroad land owned by Reading Company." Compl. at 47; *see id*. at 47-48, 50. The docket reflects that Arch Stone has not been served with process, *see* ECF No. 8 at 191 (page number designated by CM/ECF), and counsel has not entered an appearance on its behalf. The Court finds that USRC's standing arguments apply equally to Arch Stone, and Arch Stone's absence does not change the outcome of the case.

counsel[.]"  28 U.S.C. § 1654.  Aly may proceed *pro se* to represent his own interests.  *See id.*;

*Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (holding that individual who

is "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in

the District Court . . . as counsel for others"); *Cannady v. State of Missouri*, No. 15-cv-0073,

2015 WL 358236, at *1 (D.D.C. Jan. 13, 2015) ("As a general rule applicable here, a *pro se*

litigant can represent only himself in federal court.").  Aly does not hold himself out as a lawyer,

and he may not represent an artificial corporate entity such as Reading Company, regardless of

Aly's alleged ownership of Reading Company.  *See Sanchez v. Walentin*, 526 F. App'x 49, 51

(2d Cir. 2013) (noting that "a layperson may not represent a corporation in which he is the sole

shareholder, a limited liability company of which he is the sole member, or a partnership where

he is a partner"); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (applying

general rule that corporation must be represented by counsel "even where the person seeking to

represent the corporation is its president and major stockholder"); *Fromm v. Duffy as Tr. of Gary*

*Fromm Fam. Tr.*, No. 19-cv-1121, 2020 WL 109056, at *4 (D.D.C. Jan. 9, 2020) (noting that

courts have interpreted 28 U.S.C. § 1654 "to preclude a non-attorney from appearing on behalf

of another person or an entity such as a corporation, partnership, or trust"); *180 E. Broad*

*Partners LLC v. Ohio Dep't of Taxation*, 193 F. Supp. 3d 1, 2 (D.D.C. 2014) (concluding that

*pro se* non-attorney, "even assuming [he were] a shareholder, officer, or authorized

representative of plaintiff 180 East Broad Partners LLC . . . may not represent that entity before

this Court"); *see also TD Bank, N.A. v. Graffiti Healthcare Providers Inc.*, No. 24-cv-0255, 2024

WL 1676739, at *1 (D. Md. Apr. 18, 2024) (rejecting motion to vacate judgment filed on behalf

of corporation by non-attorney in his capacity as corporation's president); *Research Air, Inc. v.*

*Kempthorne*, 589 F. Supp. 2d 1, 8 (D.D.C. 2008) (dismissing corporation's claims "because it is

[5]

no longer represented by counsel," and its president and sole owner may not maintain suit on corporation's behalf).  As the Supreme Court has explained, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also Aly v. Lindner*, No. 1:17-cv-2244, 2018 WL 7080044, at *2 (M.D. Pa. Nov. 27, 2018) (finding that "Plaintiffs U.S. Right of Way Authority, Reading Company, Philly & Reading, RR Reading Company, Pennsylvania Railroad Company, Pennsylvania Railroad and New York Central, Penn Center Transportation Company, Penn Central Company Holding of Non Railroad Assets must be stricken from the record as Plaintiffs in this action because these business entities, if they exist, cannot proceed *pro se* in federal court"), *report and recommendation adopted*, No. 1:17-cv-2244, 2018 WL 7080131 (M.D. Pa. Dec. 17, 2018).  Absent representation by counsel, Reading Company is not before the Court.  *See Rowland*, 506 U.S. at 201-02; *Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998) ("A corporation cannot represent itself and cannot appear *pro se*.  It must be represented by counsel or it will be treated as not having appeared at all[.]").

Because Aly, the sole plaintiff, lacks standing to sue USRC, the Court lacks jurisdiction over the case.  "Subject matter jurisdiction 'is, of necessity, the first issue for an Article III court,' for '[t]he federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds.'"  *Loughlin v. United States*, 393 F.3d 155, 170 (D.C. Cir. 2004) (quoting *Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 549 (D.C. Cir. 1981)).  Thus, the Court need not entertain USRC's alternate bases for dismissal of the complaint.  *See Lopez v. United States*, No. 23-cv-3538 (ACR), 2024 WL 4443596, at *1 n.1 (D.D.C. Oct. 8, 2024) (denying as moot defendant's alternative

[6]

arguments for dismissal after having concluded that Court lacked subject matter jurisdiction);

*Tierney v. de Wet*, No. 21-cv-1714 (RC), 2022 WL 951380, at *5 (D.D.C. Mar. 30, 2022)

(dismissing without prejudice where plaintiffs failed to plead subject matter jurisdiction based on

diversity of citizenship, granting leave to amend, and deferring consideration of alternate

arguments for dismissal); *Masoud v. Suliman*, 816 F. Supp. 2d 77, 80 (D.D.C. 2011) (dismissing

*sua sponte* complaint which did "not provide a basis for subject matter jurisdiction" and denying

as moot defendants' motions to dismiss).

## IV.    CONCLUSION

The Court GRANTS USRC's motion to dismiss for lack of subject matter jurisdiction

and DENIES as moot Aly's motion to compel discovery and for Clerk's entry of default.  An

Order is issued separately.


DATE: June 23, 2026                                   /s/
                                                     RUDOLPH CONTRERAS
                                                     United States District Judge


[7]